# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**FILED**

JUN 1 0 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

OMAR MUHAMMAD,                    )
                                 )
                Petitioner,      )
                                 )
v.                               )    Case No. CIV 07-222-RAW-KEW
                                 )
MIKE MULLIN, Warden,             )
                                 )
                Respondent.      )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is challenging his loss of 120 earned credits through a disciplinary hearing at the Carver Correctional Center in Oklahoma City, Oklahoma. At the time this petition was filed, petitioner was incarcerated at Jess Dunn Correctional Center in Taft, Oklahoma.

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S.

at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

The record shows that petitioner was issued an Offense Report on October 21, 2006, for Escape, and he was found guilty at his October 30, 2006, disciplinary hearing. The facility head affirmed the outcome of the hearing, and the DOC Director's Designee concurred with the facility head on March 21, 2007. Petitioner did not seek relief in the state district court or the Oklahoma Court of Criminal Appeals.

Petitioner's failure to pursue his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

**ACCORDINGLY,** the respondent's motion to dismiss for failure to exhaust state remedies [Docket #12] is GRANTED, and this action is dismissed in its entirety.

2

**IT IS SO ORDERED** this 10th day of June 2008.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE